Alfred Clayton, Jr.
ABA No. 9111079
CLAYTON & DIEMER, LLC
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  Al.Clayton@cdlaw.pro

Lawyers for Plaintiff Allstate Fire and Casualty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THOMAS L. FISHER, JR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BROOKE MERRITT FISHER, AND KRISTAN MERRITT-FISHER,<br><br>　　　　　Defendants. | Case No. 3:21-cv-00163-JMK |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Fire and Casualty Insurance Company, through its lawyers Clayton & Diemer, LLC, complains and alleges as follows:

### I. PARTIES

1.	Allstate Fire and Casualty Insurance Company ("Allstate") is incorporated and has its principal place of business in the State of Illinois.  Allstate is authorized to conduct business in the State of Alaska and has fully complied with all statutory prerequisites for bringing this suit.

2. Defendant Thomas L. Fisher, Jr., individually, and as the Personal Representative of the Estate of Brooke Merritt Fisher, is a resident of the State of Alaska.

3. Defendant Kristan Merritt-Fisher is a resident of the State of Alaska.

## II. JURISDICTION & VENUE

4. This is an action for declaratory judgment and other relief for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

5. This Court has subject matter jurisdiction under 28 U.S.C. §1331(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

## III. GENERAL ALLEGATIONS

7. Allstate issued an Auto Policy (form ACR65 (ed. 02/19)) with Endorsements ACR221, ACR223, ACR224, and ACR268, Policy Number 987930745, to Thomas L. Fisher, Jr. and Kristan Merritt-Fisher for the policy period October 13, 2020 through April 13, 2021 ("Policy"). The Policy was in effect at the times relevant to this lawsuit. A true and correct copy of the Policy is attached hereto as Exhibit 1.

8. The Policy declarations identify the named insureds as Thomas Fisher and Kristan Merritt-Fisher with a mailing address as PO Box 81657, Fairbanks, Alaska 99708-1657.

9. The Policy declarations list five vehicles insured under the Policy: 1958 Chevy Corvette (VIN J58S106833), 2015 Buick Enclave (VIN 5GAKVCKD7FJ201975), 2008 Saturn Sky (1G8MF35XX8Y127658), 2006 Chevrolet Corvette (1G1YY36U665113771), and 2019 Jeep Cherokee (VIN 1C4PJMLB4KD181678).

10. The Policy declarations identify the "Listed drivers" as Kristan Merritt-Fisher and Thomas Fisher.

COMPLAINT FOR DECLARATORY JUDGMENT  *Allstate v. Fisher, et al.*
Page 2 of 7  Case No. 3:21-cv-00163-JMK
Case 3:21-cv-00163-JMK   Document 1   Filed 07/12/21   Page 2 of 7

11. Although initially Brooke Merritt Fisher, the daughter of Thomas L. Fisher, Jr. and Kristan Merritt-Fisher, was an insured on Policy Number 987930745, she was removed from the Policy effective October 13, 2019 at the express request of Thomas L. Fisher, Jr. and/or Kristan Merritt-Fisher.

12. On February 3, 2021, Brooke Merritt Fisher ("Brooke") was a passenger in a 2016 Ford Fusion (VIN 3FA6P0HDBGR226106) operated by Jordan Chandler ("Chandler") south-bound on Highway 99 near Woodburn, Oregon when the Ford Fusion collided with a north-bound transit mini-bus ("the accident"). Brooke died on February 7, 2021 as a result of the injuries she sustained in the February 3, 2021 accident.

13. At the time of the February 3, 2021 accident, the 2016 Ford Fusion (VIN 3FA6P0HDBGR226106) was owned by Brooke and her father, defendant Thomas L. Fisher, Jr. The 2016 Ford Fusion (VIN 3FA6P0HDBGR226106) was insured pursuant to a Progressive auto policy issued to Brooke.

14. At the time of the February 3, 2021 accident, Brooke was 21 years old and engaged to marry Chandler. At the time of the accident, Brooke and Chandler were physically residing in Oregon.

15. At the time of the February 3, 2021 accident, Thomas L. Fisher, Jr. and Kristan Merritt-Fisher physically resided in Fairbanks, Alaska.

16. In February 2021, Brooke was not physically residing in the household of Thomas L. Fisher, Jr. and Kristan Merritt-Fisher, the household of Thomas L. Fisher, Jr. and Kristan Merritt-Fisher was not Brooke's fixed and principal domicile, Brooke was not temporarily away from the household of Thomas L. Fisher, Jr. and Kristan Merritt-Fisher, and Brooke did not intend to resume residing in the household of Thomas Fisher and Kristan Merritt-Fisher.

COMPLAINT FOR DECLARATORY JUDGMENT *Allstate v. Fisher, et al.*
Page 3 of 7 Case No. 3:21-cv-00163-JMK
Case 3:21-cv-00163-JMK   Document 1   Filed 07/12/21   Page 3 of 7

## IV. CLAIM FOR DECLARATORY RELIEF

17. Allstate incorporates by reference all allegations in paragraphs 1-16.

18. The Insuring Agreement of the Medical Payments Coverage set forth in Policy Number 987930745 states, in part:

> If a premium is shown on the Policy Declarations for **Automobile Medical Payments, we** will pay to or on behalf of an **insured person** reasonable expenses actually incurred by the **insured person** for necessary medical treatment, medical services or medical products actually provided to the **insured person** by a state licensed health care provider. . . . .

Exh. 1, Policy Form ACR65 at pg. 9.

19. The Medical Payments Coverage does not apply to bodily injury:

> 2. to **you** or a **resident** relative while in, on, getting into or out of, or getting on or off of, an auto owned by **you** or a **resident** relative, or an **auto** available or furnished for the regular use of **you** or a **resident** relative, which is not insured for this coverage.

Exh. 1, Policy Form ACR65 at pg. 10.

20. The Insuring Agreement for uninsured (UM) and underinsured (UIM) coverage set forth in Policy Number 987930745 states, in part:

> If a premium is shown on the Policy Declarations for **Uninsured And Underinsured Motorists Insurance**, **we** will pay all damages, other than punitive or exemplary damages, that an **insured person** is legally entitled to recover from the owner or operator of an uninsured or underinsured **auto** because of:
>
> 1. **bodily injury** sustained by an **insured person**; and
> 2. **property damage. Property damage** is covered only if a separate limit is shown on the Policy Declarations for **Uninsured And Underinsured Motorists Insurance – Property Damage.**
>
> . . .
>
> **Additional Definitions for Uninsured And Underinsured Motorists Insurance**
>
> . . .

COMPLAINT FOR DECLARATORY JUDGMENT　　　　　　　　　　　　　　　　　　　*Allstate v. Fisher, et al.*
Page 4 of 7　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00163-JMK
Case 3:21-cv-00163-JMK   Document 1   Filed 07/12/21   Page 4 of 7

    **2. Insured Person(s)** means:
        a. **you** and any **resident** relative, including when acting as a pedestrian or bicyclist.
        b. any person while in, on, getting into or out of, or getting on or off of, an **insured auto** with **your** permission.
        c. any other person who is legally entitled to recover because of **bodily injury** to **you**, a **resident** relative, or an occupant of **your insured auto** with **your** permission.

. . .

Exh. 1, Policy Endorsement-ACR223 at pg. 7.

    21.    UIM coverage does not apply to "2. **bodily injury** or **property damage** sustained while in, on, getting into or out of or when struck by an uninsured or underinsured **motor vehicle** which is owned by **you** or a **resident** relative." Exh. 1, Policy Endorsement-ACR223.

    22.    The insuring agreement for Alaska Automobile Death Indemnity Insurance Coverage CM-ACR268 (ed. 02/19) set forth in Policy Number 987930745 provides, in part:

> If a premium is shown on the Policy Declarations for **Automobile Death Indemnity Insurance**, or if the Policy Declarations lists the coverage as being "Included," **we** will pay the benefit shown on the Policy Declarations if an **insured person** dies as a direct result of **bodily injury** caused by a covered accident involving a motor vehicle. The injury must be sustained while the **insured person** is in, on, getting into or out of, an **auto, trailer**, or **travel-trailer**, or when struck as a pedestrian by a motor vehicle, **trailer,** or **travel-trailer.** The use of a **non-owned auto** must be with the owner's permission.

. . .

**Additional Definition for Automobile Death Indemnity Insurance**

**Insured Person** means you **and** any **resident** relative.

. . .

Exh. 1, Endorsement ACR268.

    23.    The Policy provides that "**Resident** means a person who physically resides in **your** household with the intention to continue residence there. **Your** unmarried dependent children

while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household." Exh. 1, Policy Form ACR65 at pg. 4.

24. Brooke was not an "insured person" within the meaning of the Policy.

25. Policy exclusions apply and bar coverage for Medical Payments and UIM benefits.

26. Allstate is entitled to a declaration that it has no duty to pay money to Kristan Merritt-Fisher, Thomas L. Fisher, Jr. individually, or as Personal Representative of the Estate of Brooke Merritt Fisher, under the Medical Payments coverage of the Policy.

27. Allstate is entitled to a declaration that it has no duty to pay money to Kristan Merritt-Fisher, Thomas L. Fisher, Jr. individually, or as Personal Representative of the Estate of Brooke Merritt Fisher, under the UIM coverage of the Policy.

28. Allstate is entitled to a declaration that it has no duty to pay money to Kristan Merritt-Fisher, Thomas L. Fisher, Jr. individually, or as Personal Representative of the Estate of Brooke Merritt Fisher, under the Alaska Automobile Death Indemnity Insurance coverage of the Policy.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court issue a declaration that Brooke Merritt Fisher was not an insured person under the Policy, Policy Number 987930745.

2. That the Court issue a declaration that Kristan Merritt-Fisher and Thomas L. Fisher, Jr., individually and as Personal Representative of the Estate of Brooke Merritt Fisher, have no legal right to receive benefits under the Medical Payments, UIM, or Alaska Automobile Death Indemnity Insurance coverages of the Policy, Policy Number 987930745.

COMPLAINT FOR DECLARATORY JUDGMENT  
Page 6 of 7  
*Allstate v. Fisher, et al.*  
Case No. 3:21-cv-00163-JMK  
Case 3:21-cv-00163-JMK   Document 1   Filed 07/12/21   Page 6 of 7

3. That the Court issue a declaration that Allstate has no duty, under the terms of Policy Number 987930745, to make any payment to Kristan Merritt-Fisher and Thomas L. Fisher, Jr., individually and as Personal Representative of the Estate of Brooke Merritt Fisher, for the Medical Payments, UIM benefits, and Alaska Automobile Death Indemnity Insurance benefits sought by Defendants in Allstate Claim No. 0617355193.

4. For such other relief as the Court deems just and proper.

DATED at Anchorage, Alaska this 12th day of July, 2021.

CLAYTON & DIEMER, LLC
Attorneys for Plaintiff

By: */s/ Alfred Clayton, Jr.*
Alfred Clayton, Jr.
ABA No. 9111079

COMPLAINT FOR DECLARATORY JUDGMENT *Allstate v. Fisher, et al.*
Page 7 of 7 Case No. 3:21-cv-00163-JMK
Case 3:21-cv-00163-JMK   Document 1   Filed 07/12/21   Page 7 of 7